**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:      Sergio Ian Rodriguez v. The State of Texas

Appellate case number:   01-12-00397-CR

Trial court case number:  185062

Trial court:                      County Court at Law No. 3 of Brazoria County

The record in the above-referenced appeal is complete, and appellant's brief was due on September 24, 2012. Appellant has not filed a brief. On October 19, 2012, the Clerk of the Court notified appellant that a brief had not yet been filed and required a response within 10 days. To date, appellant has not responded.

The record reflects that the trial court granted the motion to withdraw filed by appellant's retained trial counsel and that appellant informed the trial court that he would retain an attorney to represent him on appeal. No such attorney has made an appearance in this Court.

In accordance with Texas Rule of Civil Procedure 38.8, we must abate the appeal and remand the case for the trial court to immediately conduct a hearing at which a representative of the Brazoria County District Attorney's Office and appellant shall be present.[1] *See* TEX. R. APP. 38.8(b)(2). The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date. The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1)      make a finding on whether appellant wishes to prosecute the appeal; and, if so,

(2)      make a finding on whether appellant is presently:

   (a)      indigent, in which case the trial court should appoint appellate counsel at no expense to appellant; or

---

1      If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.

(b)   not indigent, in which case the trial court should determine whether appellant has secured retained counsel and, if so, the name, address, telephone number, and State Bar number of retained counsel; or

(c)   after having been admonished by the trial court of the dangers and disadvantages of self-representation, appellant wishes to waive his right to counsel on appeal and proceed pro se, and his doing so is in the best interest of appellant and the State; and

(3)   set a date certain when appellant's brief will be filed, no later than 30 days from the date of the hearing.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d), 26.04(j)(2) (West Supp. 2011); TEX. R. APP. P. 38.8(b); *Cormier v. State*, 85 S.W.3d 496, 497 (Tex. App.—Houston [1st Dist.] 2002, order).

A supplemental clerk's record containing the trial court's findings and recommendations shall be sent to this Court **no later than April 5, 2013**. *See* TEX. R. APP. P. 38.8(b)(3). If the hearing is conducted by video teleconference, the trial court's findings and recommendations and a certified video recording of the hearing shall also be filed in this Court **no later than April 5, 2013**. *See id.*

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when findings and recommendations that comply with this order are filed in this Court. If appellant's brief is not timely filed, pursuant to the trial court's findings, the Court may consider the appeal on the record. *See* TEX. R. APP. P. 38.8(b)(4).

It is so **ORDERED**.

Judge's signature: /s/ Laura C. Higley
        ☑ Acting individually    ☐ Acting for the Court

Date: March 7, 2013